IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TELETRAKING TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SINAI HEALTH SYSTEM<br><br>Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff, TeleTracking Technologies, Inc., by its attorneys, Metz Lewis Brodman Must O'Keefe LLC, files the following Complaint:

### Parties

1. Plaintiff, TeleTracking Technologies, Inc. ("TeleTracking"), is a Delaware corporation with a principal place of business located at 336 Fourth Avenue, Pittsburgh, PA 15222.

2. Defendant, Sinai Health System ("Sinai"), is an Illinois corporation with a principal place of business located at 1500 S. Fairfield Avenue, Chicago, IL 60608.

### Jurisdiction and Venue

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

4. As a Delaware corporation with a principal place of business in Pittsburgh, PA, TeleTracking is a citizen of Delaware and Pennsylvania. Because Sinai is an Illinois corporation with a principal place of business in Chicago, IL, Sinai is a citizen of Illinois. Therefore, there is complete diversity of citizenship between TeleTracking and Sinai.

5. The amount in controversy exceeds $75,000.00.

6. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to TeleTracking's claims occurred in Pittsburgh, PA.

**Factual Background**

7. TeleTracking and Sinai are parties to that certain TeleTracking Subscription and License Agreement dated effective as of July 1, 2020 (the "TSLA"). A copy of the TSLA is attached hereto as **Exhibit A** and is incorporated herein by reference.

8. Pursuant to the terms of the TSLA, TeleTracking agreed to make certain Subscription Services and Software available to Sinai as more fully described in various Order Forms to be submitted by Sinai to TeleTracking from time to time. See TSLA at §§ 1-2.[1]

9. Pursuant to an Order Form dated June 26, 2020 (the "Order Form"), Sinai subscribed to TeleTracking's Managed Services, Capacity Management Suite, Synapse IQ Enterprise Analytics and Access Management Suite for Mount Sinai Hospital Medical Center, Holy Cross Hospital and Schwab Rehabilitation Hospital. A copy of the Order Form is attached hereto as **Exhibit B** and is incorporated herein by reference.

10. The Managed Services includes provisioning the hosted infrastructure and deployment of Software applications within the managed services hosted environment, as more particularly described in Attachment B to the Order Form.

11. Under the Order Form, Sinai received a license for use of Managed Services as follows: (a) for Mount Sinai Hospital Medical Center with a fee of $6,482.00 per month; (b) for

---

[1] Capitalized terms used herein shall have the same meanings as set forth in the TSLA and/or the Order Forms unless otherwise defined.

Holy Cross Hospital with a fee of $6,057.00 per month; and (c) for Schwab Rehabilitation Hospital with a fee of $2,196.00 per month.

12. The Capacity Management Suite is a Software suite designed to improve patient throughput and resource utilization.

13. Under the Order Form, Sinai received a License for use of the Capacity Management Suite as follows: (a) for Mount Sinai Hospital Medical Center with a fee of $10,178.00 per month; (b) for Holy Cross Hospital with a fee of $9,507.00 per month; and (c) for Schwab Rehabilitation Hospital with a fee of $3,253.00 per month.

14. The Synapse IQ Enterprise Analytic is a real-time visualization of health system operations designed to optimize patient throughput and reduce workflow bottlenecks across the enterprises.

15. Under the Order Form, Sinai received a license fee for use of the Synapse IQ Enterprise Analytics as follows: (a) for Mount Sinai Hospital Medical Center with a fee of $4,323.00 per month; (b) for Holy Cross Hospital with a fee of $4,041.00 per month; and (c) for Schwab Rehabilitation Hospital with a fee of $1,383.00 per month.

16. The Access Management Suite connects health systems and community care teams and strengthens referral relationships.

17. Under the Order Form, Sinai received a license for use of the Access Management Suite as follows: (a) for Mount Sinai Hospital Medical Center with a fee of $5,903.94 per month; (b) for Holy Cross Hospital with a fee of $5,515.28 per month; and (c) for Schwab Rehabilitation Hospital with a fee of $1,887.78 per month.

18. All fees for Subscription Services and Software were invoiced by TeleTracking to Sinai monthly. See TSLA at § 12(a), Order Form at p. 5 of 6. Payment from Sinai was due to TeleTracking at its offices in Pittsburgh, PA 30 days from the date of the invoice.

19. Any payment not received from Sinai by the applicable due date may, at TeleTracking's discretion, accrue late charges at the rate of 1.5-percent of the outstanding balance per month, from the date such payment was due until the date paid. See TSLA at § 12(a).

20. Sinai endeavored to terminate the Subscription in a "Notice of Termination", listing September 7, 2023 as the Termination Date. However, in the TSLA and Order Form, the Initial License Term for all Solutions would be effective through March 26, 2026.

21. From and after the effective date of the Order Form in 2021 to and including the effective termination of Sinai's subscriptions thereunder through March 26, 2026, TeleTracking provided all Subscription Services and Software in accordance with the terms of the Order Form and TSLA.

22. Notwithstanding, Sinai has failed to pay TeleTracking all amounts due and owing in connection with the TSLA and Order Form.

23. A total of $1,729,337.80 is due to TeleTracking from Sinai.

24. Consequently, TeleTracking files the instant Complaint to collect amounts due from Sinai.

### Count I
### Breach of Contract

25. TeleTracking incorporates by reference the allegations of Paragraphs 1-24 of this Complaint as if more fully set forth herein.

26. TeleTracking and Sinai entered into a legally enforceable contract, evidenced by the TSLA and Order Form, that, among other things, required Sinai to timely remit payment for all Subscription Services and Software.

27. The parties' agreement is supported by adequate consideration and defined by mutually agreed upon and unambiguous terms.

28. TeleTracking provided all Subscription Services and Software in accordance with the terms of the TSLA and Order Form.

29. As more fully set forth above, Sinai has breached the terms of the TSLA and Order Form by failing to timely remit payment to TeleTracking of all amounts due.

30. Sinai's breach of the TSLA and Order Form has directly and proximately caused damage to TeleTracking in a total amount to be determined at trial.

WHEREFORE, Plaintiff TeleTracking Technologies, Inc. respectfully requests that this Court grant judgment in its favor and against Defendant Sinai Health System in an amount in excess of $75,000.00 to be determined at trial, together with pre- and post-judgment interest, late fees, all costs of suit, and such other relief as is necessary and appropriate.

### Count II
### Unjust Enrichment – Alternative to Count I

31. TeleTracking incorporates by reference the allegations of Paragraphs 1-30 of this Complaint as if more fully set forth herein.

32. TeleTracking provided Sinai with a subscription to Managed Services, the Capacity Management Suite, Synapsis IQ Enterprise Analytics and the Access Management Suite as more particularly set forth above.

33. Sinai accepted these Subscription Services and Software and has enjoyed the benefit of the Subscription Services and Software provided by TeleTracking.

34. TeleTracking has made repeated demands for payment for the Subscription Services and Software enjoyed by Sinai, but despite such demands, payment is outstanding.

35. It is unconscionable for Sinai to enjoy the benefits of the Subscription Services and Software provided by TeleTracking without fully paying for the same.

36. Accordingly, Sinai has been unjustly enriched to the detriment of TeleTracking.

37. As a direct and proximate result of Sinai's unjust enrichment, TeleTracking has suffered damages in a total amount to be determined at trial.

WHEREFORE, Plaintiff TeleTracking Technologies, Inc. respectfully requests that this Court grant judgment in its favor and against Defendant Sinai Health System in an amount in excess of $75,000.00 to be determined at trial, together with pre- and post-judgment interest, late fees, all costs of suit, and such other relief as is necessary and appropriate.

Respectfully Submitted,

Date: June 18, 2025

METZ LEWIS BRODMAN MUST O'KEEFE LLC

By: */s/ John R. O'Keefe, Jr.*
John R. O'Keefe, Jr. (PA I.D. 36633)
Justin M. Tuskan (PA I.D. 311235)
444 Liberty Avenue, Suite 2100
Pittsburgh, PA 15222
Phone: (412) 918-1100
Fax: (412) 918-1199
jokeefe@metzlewis.com
jtuskan@metzlewis.com
*Attorneys for Plaintiff*
*TeleTracking Technologies, Inc.*